# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOOTH FAMILY TRUST, derivatively on Behalf of Nominal Defendant XM Satellite Radio Holdings, Inc., ) ) ) ) Plaintiff, ) ) v. ) ) GARY M. PARSONS, HUGH PANERO, NATHANIEL A. DAVIS, THOMAS J. DONOHUE, EDDY W. HARTENSTEIN, GEORGE W. HAYWOOD, CHESTER A. HUBER, JR., JOHN MENDEL, JARL MOHN, JACK SHAW, ) ) ) ) ) ) ) ) ) Defendants, ) ) and ) ) XM SATELLITE RADIO HOLDINGS, INC., ) ) Nominal Defendant. ) ) | **CONSENT MOTION TO COORDINATE WITH CONSOLIDATED CASES AND PROPOSED COORDINATION AND CASE MANAGEMENT ORDER**<br><br>Civ. A. No. 1:06-cv-00833-ESH |

Pursuant to LCvR 40.5(a)(3), the parties move to coordinate for pretrial proceedings the above-captioned case, *Booth Family Trust v. Parsons*, Civ. A. No. 1:06-cv-00833-ESH, with the securities class actions consolidated under *In re XM Satellite Radio Holdings Securities Litigation*, Civ. A. No. 1:06-cv-00802-ESH, and state as follows:

1.  Plaintiff Booth Family Trust filed the above-captioned Derivative Complaint on May 5, 2006. The case was initially assigned to Judge Emmet G. Sullivan. On June 23, 2006, Judge Sullivan entered an Order transferring the case for reassignment to this Court.

-1-

2. On June 7, 2006, this Court entered an Order consolidating nine related securities class actions into *In re XM Satellite Radio Holdings Securities Litigation*, Civ. A. No. 1:06-cv-00802-ESH. On June 9, 2006, a tenth related securities class action was consolidated into Civ. A. No. 1:06-cv-00802-ESH. The consolidated cases ("Consolidated Class Actions") are related to each other under LCvR 40.5(a)(3) because they involve common issues of fact and grow out of the same event or transaction. Specifically, they all allege facts concerning XM Satellite Radio Holdings, Inc.'s ("XM" or the "Company") disclosure of increased subscriber acquisition costs on February 16, 2006.

3. The above-captioned Derivative Complaint arises from the same underlying facts as the Consolidated Class Actions.

4. Counsel for the parties believe that coordination of this Derivative Complaint with the Consolidated Class Actions will serve the interests of judicial efficiency, including the avoidance of duplicative discovery. Accordingly, the parties have agreed upon a briefing schedule coordinated with the filing of a consolidated amended complaint in the Consolidated Class Actions:

    (a) Plaintiff shall file an Amended Derivative Complaint within thirty (30) days after the lead plaintiff in the Consolidated Class Actions has filed a consolidated amended complaint.

    (b) Defendants shall answer, move or otherwise plead to the consolidated complaint within thirty (30) days after service of the Amended Derivative Complaint.

       (c)      If Defendants file any motions directed at the Amended Derivative Complaint, Plaintiff's opposition briefs shall be filed within thirty (30) days of service of the motions.

       (d)      Defendants' reply briefs shall be filed within fifteen (15) days of the service of the opposition briefs.

5.      To promote judicial economy and reduce unnecessary expenses, the parties have also agreed that the above-captioned case should be coordinated with the Consolidated Class Actions for discovery purposes.

In light of the foregoing, the parties respectfully request that this Court enter the parties' proposed Coordination and Case Management Order.

                        Respectfully submitted,

Dated: June 23, 2006               WILMER CUTLER PICKERING HALE AND DORR LLP

                        /s/ Charles E. Davidow
                        Charles E. Davidow, D.C. Bar No. 331702
                        John A. Valentine, D.C. Bar No. 473072
                        Michael A. Mugmon, D.C. Bar No. 485150
                        1875 Pennsylvania Avenue NW
                        Washington, DC 20006
                        Tel: (202) 663-6000
                        Fax: (202) 663-6363

                        *Attorneys for Nominal Defendant*
                        *XM Satellite Radio Holdings Inc.*

                        DOHERTY, SHERIDAN & PERSIAN LLP

                        /s/ Kimberly A. Chadwick
                        Kimberly A. Chadwick, Esq., D.C. Bar No. 47717
                        8408 Arlington Blvd., Suite 200
                        Fairfax, VA 22031
                        kchadwick@dsp-law.com

                        FEDERMAN & SHERWOOD

                        /s/ William B. Federman
                        William B. Federman, Esq., D.C. Bar No. 390425
                        120 North Robinson, Suite 2720
                        Oklahoma City, OK 73102
                        wfederman@aol.com

                        *Attorneys for Plaintiff Booth Family Trust*

US1DOCS 5701916v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BOOTH FAMILY TRUST, derivatively on Behalf of Nominal Defendant XM Satellite Radio Holdings, Inc., <br><br>     Plaintiff,<br><br> v.<br><br>GARY M. PARSONS, HUGH PANERO, NATHANIEL A. DAVIS, THOMAS J. DONOHUE, EDDY W. HARTENSTEIN, GEORGE W. HAYWOOD, CHESTER A. HUBER, JR., JOHN MENDEL, JARL MOHN, JACK SHAW,<br><br>     Defendants,<br><br>and<br><br>XM SATELLITE RADIO HOLDINGS, INC.,<br><br>     Nominal Defendant. | Civ. A. No. 1:06-cv-00833-ESH |

### [PROPOSED] COORDINATION AND CASE MANAGEMENT ORDER

**THE COURT HEREBY ORDERS** as follows:

1. Pursuant to LCvR 40.5(a)(3), the above-referenced case, *Booth Family Trust v. Parsons*, Civ. A. No. 1:06-cv-00833-ESH (the "Derivative Complaint"), is coordinated for pleading and discovery purposes with *In re XM Satellite Radio Holdings Securities Litigation*, Civ A. No. 1:06-cv-00802-ESH (the "Securities Class Actions").

2. Defendants shall not be required to respond to the Derivative Complaint currently pending before the Court.

3. Plaintiff shall file an Amended Derivative Complaint within thirty (30) days after the lead plaintiff in the Securities Class Actions has filed a consolidated amended complaint. The Amended Derivative Complaint shall be the operative complaint and shall supersede the Derivative Complaint.

4. Defendants shall answer, move or otherwise plead to the consolidated complaint within thirty (30) days after service of the Amended Derivative Complaint.

5. If Defendants file any motions directed at the Amended Derivative Complaint, Plaintiff's opposition briefs shall be filed within thirty (30) days of service of the motions. Defendants' reply briefs shall be filed within fifteen (15) days of the service of the opposition briefs.

6. The parties shall serve all papers on each other, which shall be served upon Plaintiffs' and Defendants' local counsel, by e-mail pursuant to LCvR 5.4(c), and by first-class U.S. mail, unless otherwise agreed upon by the parties.

Date:_____          _____
                                        Judge Ellen S. Huvelle
                                        United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing CONSENT MOTION TO COORDINATE WITH CONSOLIDATED CASES AND PROPOSED COORDINATION AND CASE MANAGEMENT ORDER by e-mail and by placing a copy of the same in the U.S. mail system, postage prepaid, on June 23, 2006, to:

> Kimberly A. Chadwick, Esq.
> Doherty, Sheridan & Persian LLP
> 8408 Arlington Blvd., Suite 200
> Fairfax, VA 22031
> kchadwick@dsp-law.com
>
> William B. Federman, Esq.
> Federman & Sherwood
> 120 North Robinson, Suite 2720
> Oklahoma City, OK 73102
> wfederman@aol.com

> /s/ Michael A. Mugmon
> Michael A. Mugmon
> WILMER CUTLER PICKERING
>  HALE AND DORR LLP
> 1875 Pennsylvania Avenue NW
> Washington, DC 20037
> Tel: (202) 663-6000
> Fax: (202) 663-6363

-7-