## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| BOOTH FAMILY TRUST, derivatively on Behalf of Nominal Defendant XM Satellite Radio Holdings, Inc., 34 Nelson Place, Tenafly, NJ 07670<br><br>    Plaintiff,<br><br> v.<br><br>GARY M. PARSONS, HUGH PANERO, NATHANIEL A. DAVIS, THOMAS J. DONOHUE, EDDY W. HARTENSTEIN, GEORGE W. HAYWOOD, CHESTER A. HUBER, JR., JOHN MENDEL, JARL MOHN, JACK SHAW, 1500 Eckington Place NE, Washington, DC 20002<br><br>    Defendants,<br><br>and<br><br>XM SATELLITE RADIO HOLDINGS, INC., 1500 Eckington Place NE, Washington, DC 20002<br><br>    Nominal Defendant. | Civ. A. No. 1:06-cv-00833-ESH |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

 Nominal Defendant XM Satellite Radio Holdings, Inc. ("XM" or "the Company") and Defendants Gary M. Parsons, Hugh Panero, Nathaniel A Davis, Thomas J. Donohue, Eddy W. Hartenstein, George W. Haywood, Chester A. Huber, Jr., John Mendel, Jarl Mohn, and Jack Shaw (together with XM, "Defendants") respectfully submit this reply to Plaintiff's Response to Order to Show Cause, filed November 29, 2006.

Defendants take no position on what sanction the Court should impose, if any, in response to Plaintiff's missing the deadline to file its Amended Verified Shareholder Derivative Complaint ("Amended Complaint"). Both the substance and timing of the Plaintiff's Amended Complaint, however, raise procedural concerns about how to manage this litigation (which Plaintiff purports to bring on behalf of XM) going forward.

Defendants' first concern relates to the factual allegations of Plaintiff's Amended Complaint, filed on November 30, 2006. With the exception of a handful of allegations asserting harm to the Company and purporting to challenge the objectivity and independence of XM's Board of Directors (*see, e.g.*, Am. Compl. ¶¶ 23-29, 89, 99-110), the Amended Complaint appears to be a verbatim copy of the Consolidated Class Action Complaint for Securities Fraud ("Consolidated Complaint"), filed on September 26, 2006 by the Lead Plaintiffs in *In re XM Satellite Radio Holdings Securities Litigation*, Case No. 06-CV-00802-ESH ("Securities Class Action"). *Compare* Am. Compl. ¶¶ 30-98 *with* Consol. Compl. ¶¶ 27-92.

This last-minute, cut-and-paste effort in response to the Court's Order to Show Cause raises a question whether Plaintiff conducted the required independent investigation to confirm that the factual allegations of the Amended Complaint have evidentiary support (*e.g.*, personal interviews of the unnamed "former employees" described in the Consolidated Complaint).[1/] *See, e.g.*, *Geinko v. Padda*, 2002 WL 276236, at *6 & n.8 (N.D. Ill. Feb. 27, 2002) ("Plaintiffs' attorneys cannot shirk their … obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances by merely stating that 'the SEC alleges' certain additional facts…."). Moreover, it is difficult to imagine how filing a complaint that simply

---

[1/] The Amended Complaint openly acknowledges its adoption of allegations in the Consolidated Complaint without additional effort. *See* Am. Compl. ¶ 33 n.2.

duplicates, without independent inquiry, contested and unproven allegations from a complaint that accuses XM – the entity on whose behalf Plaintiff claims to be acting – of engaging in fraud, could possibly be in the best interest of the Company.

Defendants respectfully suggest that, should the Court decide not to dismiss this case, it consider entering a stay of these proceedings pending the outcome of the motion to dismiss proceedings in the Securities Class Action.[2/]  Because the Amended Complaint is essentially a verbatim copy of the Consolidated Complaint, the Court's decision regarding the merits of the Consolidated Complaint will be relevant to, if not dispositive of, the merits of the Amended Complaint.  The Defendants submit that, given the Plaintiff's choice to file a cut-and-paste complaint, it would conserve the resources of both the Company and the Court to enter a temporary stay of the derivative action.

If the Court does permit this case to proceed, Defendants respectfully request that the parties be permitted to brief the issue of the Plaintiff's failure to make a pre-suit demand on the Board of Directors prior to addressing any of the Plaintiff's substantive claims.  *See* Fed. R. Civ. P. 23.1 ("The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority … and the reasons for the plaintiff's failure to obtain the action or for not making the effort.").  That issue is distinct from the substantive grounds for dismissal, many of which are already being

---

[2/]    *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.") (citations omitted); *Bledsoe v. Crowley*, 849 F.2d 639, 645 (D.C. Cir. 1988) ("There is no question of the District Court's authority to order a stay …."); *IBT/HERE Employee Representatives' Council v. Gate Gourmet Div. Ams.*, 402 F. Supp. 2d 289, 293 (D.D.C. 2005) (holding litigation in abeyance pending outcome of related arbitration proceedings) (Urbina, J.).

briefed in the Securities Class Action.  The Defendants propose that the Court rule on the demand issue first and then, if Plaintiff prevails and after the motion to dismiss the class action has been resolved, allow Defendants to bring a motion to dismiss based on the substantive claims.  *See Aronson v. Lewis*, 473 A.2d 805 (Del. 1984) (granting interlocutory appeal on issue of demand futility), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000).

Defendant's second concern is that Plaintiff's untimely filing of the Amended Complaint raises significant adequacy of representation issues under Rule 23.1.  Despite the fact that the Plaintiff requested the opportunity to file an Amended Complaint 30 days after the Consolidated Complaint was filed, Plaintiff's counsel has conceded that his firm failed to monitor the docket in the Securities Class Action and that Plaintiff did not become aware that the Consolidated Complaint had been filed until the Court entered its Order to Show Cause on November 16, 2006.  Counsel's oversight no doubt contributed to Plaintiff's hurried decision to simply copy the Consolidated Complaint.  This inattention and resulting failure to meet an important deadline casts doubt on the adequacy of Plaintiff's representation of XM in this matter.  *See Papilsky v. Berndt*, 466 F.2d 251, 256 (2d Cir. 1972) (noting that dismissal for failure to timely answer interrogatories casts doubt on adequacy of plaintiff's representation in derivative suit); *see also, generally* Fed. R. Civ. P. 23.1 ("The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association.").

Under the circumstances, the Court has the authority to impose a range of sanctions.  *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-5 (9th Cir. 2004) (plaintiff's failure to amend its complaint or inform the court of its intention to stand on its original pleading by court-ordered deadline found to be sanctionable under Fed. R. Civ. P. 41(b)); *Papilsky*, 466 F.2d at 256

4

(holding that dismissal of derivative suit for failure to timely respond to interrogatories could bar original plaintiff, but not another plaintiff, from subsequently bringing identical suit on behalf of corporation).  To the extent the Court allows the action to go forward, Defendants respectfully suggest that the issue of Plaintiff's adequacy as a derivative plaintiff under Rule 23.1 be scheduled for discovery and briefing after Defendants' motions to dismiss have been resolved and before merits discovery is permitted to begin.  *See, e.g.*, *In re Fuqua Indus., Inc. Shareholder Litig.*, 752 A.2d 126 (Del. Ch. 1999) (considering Rule 23.1 challenge after discovery revealed potential issues regarding adequacy of plaintiff's representation); *cf. Levine v. Smith*, 591 A.2d 194 (Del. 1991) (upholding discovery stay in derivative action pending ruling on Rule 23.1 motion to dismiss).

                    Respectfully submitted,

Dated: December 6, 2006       WILMER CUTLER PICKERING HALE AND DORR LLP

                    /s/ Charles E. Davidow
                    Charles E. Davidow, D.C. Bar No. 331702
                    John A. Valentine, D.C. Bar No. 473072
                    Michael A. Mugmon, D.C. Bar No. 485150
                    1875 Pennsylvania Avenue NW
                    Washington, DC 20006
                    Tel: (202) 663-6000
                    Fax: (202) 663-6363

                    *Attorneys for Nominal Defendant XM Satellite Radio Holdings, Inc. and Defendants Gary M. Parsons, Hugh Panero, Nathaniel A Davis, Thomas J. Donohue, Eddy W. Hartenstein, George W. Haywood, Chester A. Huber, Jr., John Mendel, Jarl Mohn, and Jack Shaw*